# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MIGUEL ANGEL PACHECO HERNANDEZ,

    Plaintiff,

v.                                        Case No. 1:26-cv-01138-KG-LF

WARDEN, ESTANCIA DETENTION CENTER,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on petitioner Miguel Angel Pacheco Hernandez's Petition for a Writ of Habeas Corpus Under 28 U.S.C. 2241, filed April 13, 2026. Doc. 1. Chief United States District Judge Kenneth Gonzales referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." Doc. 8. Having reviewed the parties' filings and the applicable law, I recommend that the Court GRANT Mr. Hernandez's petition (Doc. 1) and order his immediate release.

## BACKGROUND

Mr. Pacheco Hernandez is a citizen of El Salvador. Doc. 6-1 at 1. He was apprehended at or near Irving, Texas, on September 8, 2025. *Id.* He has been detained by United States Immigration and Customs Enforcement ("ICE") since then and has not received a bond hearing. Doc. 1 at 6; Doc. 6 at 3. On May 26, 2026, he had a hearing before an immigration judge and was found inadmissible under Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). Doc. 10-1 at 1. His applications for asylum, withholding of removal under INA § 241(b)(3), withholding of removal under the Convention Against Torture, and deferral of

removal under the Convention Against Torture all were denied. *Id.* Mr. Pacheco Hernandez reserved his right to appeal these rulings. Doc. 10-1 at 4. He has until June 25, 2026, to appeal this decision to the Board of Immigration Appeals. Doc. 10 at 2; Doc. 10-2 at 2.

## LEGAL STANDARD

Section 2241 of title 28 of the United States Code provides federal district courts with the power to grant writs of habeas corpus for prisoners "in custody in violation of the Constitution or laws or treaties of the United States." This provision includes jurisdiction over such petitions by noncitizens in immigration detention. *Singh v. Castro*, No. 2:26-cv-00168 JB-JFR, 2026 WL 473203, at *3 (D.N.M. Feb. 19, 2026) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Rasul v. Bush*, 542 U.S. 466, 483–84 (2004)).

A removal order becomes administratively final "at the earlier of two points": when the BIA affirms the removal order, or when the noncitizen's appeals period lapses. *Riley v. Bondi*, 606 U.S. 259, 267 (2025).

## ANALYSIS

Mr. Pacheco Hernandez argues that his detention without a bond hearing is unlawful and violates due process. Doc. 1 at 6, 10. He seeks a bond hearing or his immediate release from custody. *Id.* at 7, 10.

Courts in the District of New Mexico and nationwide have addressed this issue, and an overwhelming majority of district courts have found that immigration detainees in Mr. Pacheco Hernandez's position—that is, those who do not have a final order of removal entered against them—are entitled to a bond hearing. *See, e.g.*, *Barco Mercado v. Francis*, — F. Supp. 3d —, 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (counting challenges to the practice of detaining undocumented immigrants without bond and finding that out of at least 362 such cases,

the challengers have prevailed in 350). Respondents "acknowledge that this Court recently [concluded that the petitioner was entitled to a bond hearing] on facts substantially similar to those currently before the Court." Doc. 6 at 3 (citing *Cortez-Gonzales v. Noem*, No. 2:25-cv-00985, 2025 WL 3485771, at *3–5). Appellate courts are split on the issue, and the Tenth Circuit has not ruled on the question. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025); *Barbosa da Dunha v. Freden*, 175 F.4th 61 (2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

The United States concedes that *Cortez-Gonzales* is substantially similar to the current matter, and I agree. I see no reason not to follow the reasoning in *Cortez-Gonzales* here. *See also Seguerit v. FNU LNU*, Case No. 2:26-cv-01233-KG-LF, 2026 WL 1230272 (D.N.M. May 5, 2026); *Oke v. De Anda Ybarra*, Case No. 2:26-cv-01203-KG-GBW, 2026 WL 1230270 (D.N.M. May 5, 2026); *Masaquiza v. Lyons*, Case No. 1:26-cv-01342-KG-LF, 2026 WL 1602175 (D.N.M. June 4, 2026). For the same reasons as those articulated in these cases, I recommend that the Court GRANT Mr. Pacheco Hernandez's habeas motion (Doc. 1).

As for the remedy, the Court has broad authority to fashion appropriate habeas relief. *Clayton v. Jones*, 700 F.3d 435, 443 (10th Cir. 2012). Given the outcomes of other, similar cases in this district and the lengthy period of Mr. Pacheco Hernandez's detention without a bond hearing, I recommend that the Court order Mr. Pacheco Hernandez's immediate release. *See, e.g., Masaquiza*, 2026 WL 1602175, at *2 (immigration detainee had never received a bond hearing and was ordered released due to government's conduct notwithstanding order of removal which was not yet final); *Valenzuela Morales v. Mullin*, No. 2:26-cv-01316, 2026 WL 1602169, at *2 (D.N.M. June 4, 2026) (same). If, however, Mr. Pacheco Hernandez becomes subject to a final

order of removal prior to the Court's ruling, I recommend that the Court dismiss the petition as moot as a different statutory provision would be applicable.

Mr. Pacheco Hernandez's removal order will become final instantly if he waives his appeal rights, *Naghiyev v. Bondi*, No. 2:25-cv-01313-MIS-DLM, 2026 WL 700064, at *3 (D.N.M. Mar. 12, 2026) (referring to 8 C.F.R. § 1241.1(b)), but so far he has not done so, *see* Doc. 10-1 at 4. Alternatively, it will become final once the appeals period lapses if he does not timely appeal to the BIA. *See* Doc. 10-2 at 2; *Riley*, 606 U.S. at 267. According to the information provided by the United States, Mr. Pacheco Hernandez's appeal is due by June 25, 2026; if he does not appeal, his order of removal would become final on June 26, 2026. If Mr. Pacheco Hernandez appeals, the removal order only will become final if the BIA affirms it, *Riley*, 606 U.S. at 267, which can take months or even years. If one of these events occurs and the removal order becomes final, Mr. Pacheco Hernandez's detention will be mandatory under 8 U.S.C. § 1231(a)(2)(A). If he has been released when one of these events takes place, the United States will have the authority to re-detain him under a separate statutory provision not applicable to the present dispute.

## CONCLUSION

I recommend GRANTING Mr. Pacheco Hernandez's petition for a writ of habeas corpus (Doc. 1). I recommend that the United States be ordered to release Mr. Pacheco Hernandez within twenty-four hours of the Court's order assuming that the order of removal has not become final. I recommend ordering that the United States shall not impose any new conditions of release beyond those in place prior to Mr. Pacheco Hernandez's detention. I recommend enjoining the United States from redetaining Mr. Pacheco Hernandez before his removal order becomes final, absent a predetention hearing before a neutral immigration judge under § 1226(a)

at which the United States bears the burden of establishing by clear and convincing evidence that Mr. Pacheco Hernandez poses a danger or flight risk. (I recommend noting that the Court's order would not affect the United States' ability to detain Mr. Pacheco Hernandez if his removal order becomes final, at which point his detention will be governed by 8 U.S.C. § 1231). *See Masaquiza*, 2026 WL 1602175, at *2. I also recommend ordering the United States to file a status report within ten business days of the Court's order certifying compliance. Given these recommendations, I recommend DENYING Mr. Pacheco Hernandez's pending motion requesting a status update (Doc. 9) as moot.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  Written objections must be both timely and specific.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  Failure to file timely and specific objections will result in waiver of *de novo* review by a district or appellate court.  *Id.*  In other words, if no objections are filed, no appellate review will be allowed.**

_____
LAURA FASHING
UNITED STATES MAGISTRATE JUDGE